OPINION of the Court, by
Judge Owsxey.
The Insurance Company having recovered judgment against Sanders for gSOOO debt, together with interest thereon at the rate of six per centum per annum from the 15th of» July 1815 until paid, and costs, caused an execution to issue commanding the sheriff to make of the estate of Sanders J53000 and interest thereon at the rate of six per centum per annum from the 15th July 1815 until paid, and'ojie cent in damage*, which the president, &c. had recovered, &c. against said Sanders for their debt and damages, also ¾10 91 cents, their costs, &c.
This execution was endorsed in the words of the act of 1814, and being levied upon the estate of Sanders be gave to the sheriff a three months replevin bond.
'fl&Jtér the expiration of three months, another execu^ tion issued, and whilst it was in the hands of the sheriff Sandeys moved the court to quash both executions and the,replevin bond. -
The first execution was sought to be quashed, because of a variance between it and the judgment. And the replevin bond was.supposed to be illegal, 1st, berause of an improper endorsement upon the exeeuf§fp ; and 2d, because it was for too much. Anci the latter execution Was contended to be irregular, 1st, because the endorsement Upon it did not conform with the requisitions of the law; and gd, because it was for too great a stlm.
TWfe court below, so far as respects the first execution and replevin bond, overruled Sanders’s motion but sustained it as to the other execution ;■ and from that decision both parties have appealed.
That the decision was right ia#efusing to quash the first execution and the replevin bond, we have no doubt. It is perfectly clear the execution issued for the purpose pf obtaining a satisfaction of the judgment of S30QQ, in- *472 terestand Costs, which had been recover?,d«against Sait» ders by the plaintiff, in the court below; arid although there is a variance of onereent (tlie damage mentioned in the execution) between the judgment and the execution, that variance is most clearly a clerical misprision, and can furnish no cause for quashing the execution.
With respect to the endorsement upon the execution, it conforms strictly with the requisitions of the law, and imposed upon the sheriff the duty of taking a three months replevin bond; '
Whether the bond is for too much, we liar e not thought material to inquire : for even if it is, thát Mould only be a cause for applying to the court- below to’correct the excess, but could furnish no reason for quáshing tlíé bond. , „
We are also of opinion the execution which issued Upon the replevin bond should not have been quashed. That execution, it is true, docs not contain such an endorsement upon it as the law requires ; but as the execution which first issued was correctly endorsed, it became the duty of the clerk, according to the act, when he issued the latter execution, to make the neefssar^ endorsement; and his' failure to do so might have been corrected hy application to the court for that purpose, but did not justify the quashal of the execution ; and if the execution issued for too much, it should have -blhn corrected hy a motion to that court.
The judgment of that court in quashing the execution must therefore be reversed with costs, the cause repiand-cd and judgment there entered according to this Ipi-liion.